BUIST v. FITZSIMONS.

SAME v. SAME.

SAME v. SAME.

1. B. & L. ASSOCIATION—RECEIVER—BORROWER.—A complaint by the receiver of a building and loan association, to recover the dues and interest which a borrower had contracted to pay, states a cause of action, where some of such dues were payable before the association was put into the hands of a receiver, and even without such arrears, where the contract between the borrower and the association could not be carried out to the letter because of the insolvency of the association, and the court had authorized the action to be instituted.

2. IBID.—IBID.—IBID.—A borrower from a building and loan association who gives bond conditioned to pay a stated sum monthly until the association winds up, which will be when it has accumulated assets that on division will yield $200 per share, is not discharged nor relieved from suit thereon by the receiver, under order of the court, because that enough has been paid in to make the shares worth $200 each, but wasted through the negligence of the directors, and because of the pending action in which the receiver was appointed.

3. PAYMENT—DEMURRER.—A defence which sets up the plea of payment of the bond sued on, cannot be held bad on demurrer.

Before FRASER, J., Richland, April, 1894.

Three actions by G. L. Buist, receiver, against C. Fitzsimons. The complaint was as follows:

I. That heretofore, to wit: on or about the 9th day of September, 1892, in a certain cause depending in the Court of Common Pleas for Charleston County, said State, entitled "E. M. Moreland *v.* Assistance Building and Loan Association," the plaintiff, George Lamb Buist, was duly appointed receiver of the said Assistance Building and Loan Association, and by said court authorized and empowered to take charge of all and singular the assets of said corporation, and to bring all actions of any kind and description necessary for winding up the affairs of said association, and protecting the interests of the stockholders thereof. That the said George Lamb Buist duly entered upon the discharge of his duty as such receiver, having qualified

as required by said order, and ever since has been, and is now, the duly appointed receiver of said Assistance Building and Loan Association.

II. That the said Assistance Building and Loan Association is a corporation organized under the laws of this State, and was at the times hereinafter mentioned such, doing business at Charleston, in said State.

III. That heretofore, to wit: on or about the 23d day of January, A. D. 1889, the defendant, C. Fitzsimons, duly made, executed, and delivered his bond or obligation in writing, under seal, in the full and just sum of $6,000, wherein and whereby it was recited, that whereas the above bound C. Fitzsimons having bid in an advance of stock of $3,000 on fifteen shares of the said association, held by the said C. Fitzsimons as a stockholder therein, and as collateral security has assigned to the said association the said fifteen shares, and has received for such advances in cash the sum of $2,250, and that it is contemplated that the said association shall wind up when the funds and assets of· the same have so accumulated as to enable each stockholder and member thereof, upon a fair division, to be paid or receive $200 of property or assets on each and every share held by him or her. The said bond being conditioned, that if the said C. Fitzsimons, his heirs, executors or administrators, shall and do well and truly pay, or cause to be paid, unto the above named "Assistance Building and Loan Association" the monthly sum of $30, of which the sum of $15 per month is for subscriptions to the said shares, and the sum of $15 per month is for interest on the said sum actually paid over to said C. Fitzsimons, to be paid on or before the 7th of each and every month, until the said association shall wind up and determine; and upon such winding up or determination shall transfer and surrender the said fifteen and twenty shares to the said association, in satisfaction of the advance aforesaid, and shall· stand to and abide by the constitution, rules and regulations of said association, then the above obligation to be void and of none effect, or else to remain in full force and virtue: Provided, that this contract shall not be construed in any manner to provide for more than the highest rate of interest

allowed by law for the use of any sum actually obtained from said association.

IV. That on the 23d day of January, 1889, to secure the performance of the conditions of said bond or obligation, the defendant, C. Fitzsimons, duly made, executed, and delivered to the said Assistance Building and Loan Association a written pledge of the following securities, to wit: fifteen shares of said Assistance Building and Loan Association stock, and twenty shares Enoree Cotton Factory stock, contained in two pieces of script of five and ten shares, respectively, numbered 167 and 191, issued in the name of C. Fitzsimons, and delivered said securities properly endorsed to the said Assistance Building and Loan Association.

V. That the said C. Fitzsimons has failed to pay the monthly instalments due respectively as follows, to wit: on the 7th day of May, 1892, known as the 105th instalment, the instalment due on the 7th day of June, 1892, known as the 106th instalment, and the instalment due on the 7th day of July, 1892, known as the 107th instalment, and the instalment due on the 7th day of August, 1892, known as the 108th instalment, and the instalment due on the 7th day of September, 1892, known as the 109th instalment; and that each and all of said monthly dues or instalments have been due for more than the space of three months, and that the said C. Fitzsimons has neglected and refused to pay the same, whereby the condition of said bond has been broken, and this plaintiff suing as receiver of said Assistance Building and Loan Association, is entitled to have a sale of said securities decreed by this honorable court, and judgment and execution for any deficiency.

Wherefore the plaintiff demands judgment: *First.* That the liability of the said defendant, C. Fitzsimons, under and by virtue of the said bond or obligation, be determined by this honorable court, and the amount thereof fixed and ascertained. *Second.* That upon the liability of the defendant therein being so determined and ascertained, that the property therein described be sold, and the proceeds applied, first, to the payment of the costs and expenses of these proceedings; next, to the payment of any taxes which may be liens on the said property,

and then to the payment of whatever sum of money may then be due upon the said bond so held by this plaintiff. *Third.* That the said defendant, C. Fitzsimons, may be adjudged to pay any deficiency which may exist after applying all of such sales moneys as heretofore prayed for, and that the plaintiff have leave to enter judgment and issue execution against the said defendant, C. Fitzsimons, therefor, *Fourth.* That the plaintiff may have such other and further relief as the nature of his case may demand and to this honorable court may seem meet.

The answer of defendant was as follows:

1. That he admits the allegations of paragraph one of the complaint.

2. That he admits so much of the second paragraph of the complaint as alleges that the Assistance Building and Loan Association is a corporation organized under the laws of this State, but denies so much of the other allegations of said paragraph, as alleges that said association was doing business after the 27th day of June, 1892.

3. That he admits the allegations of paragraphs three and four of said complaint, except as hereinafter set forth, and defendant alleges that the twenty shares of Enoree Cotton Factory stock therein mentioned were, on or about the 23d of January, 1889, pledged to said association as collateral security to the loan that day received by this defendant from said association, said loan being also secured by fifteen shares in the stock of said association, and that subsequently thereto, to wit: on or about the first day of June, 1891, the said association duly released said twenty shares of Enoree Cotton Factory stock and delivered the same to this defendant, at which time the said association represented to this defendant that its funds and assets had so accumulated as to be nearly, if not quite, sufficient to enable each stockholder to receive two hundred dollars for each and every share of stock held by him or her, and the delivery of said Enoree Cotton Factory stock by the association to this defendant, as aforesaid, was in recognition of the fact, that the said funds and assets of said association had so accumulated as aforesaid.

4. With reference to the allegations of paragraph three of the complaint, this defendant admits that he has paid no instalments subsequent to April 7th, 1892, but he denies that he was or is liable for the payment of any instalments after said date, or that he is under any legal obligation to pay the same; and on the contrary he alleges that said bond has been fully paid and its condition fully performed.

II. Further answering said complaint, and as a second defence thereto, defendant alleges:

1. That the Assistance Building and Loan Association, having been duly organized under its charter, commenced its operations on or about the 7th day of August, 1883; that the said association was organized upon a plan which contemplated that the life of said association should not exceed 102 months, at the expiration of which period each share of the capital stock should be worth $200.

2. That the defendant herein subscribed to fifteen shares of the capital stock of said association upon the express understanding and inducement that, at the expiration of a period not exceeding 102 months from the date of organization, each share of said stock would be worth the sum of $200; and this defendant alleges that the subscription to said stock was upon this consideration.

3. That on or about the 23d day of January, 1889, the defendant made the loan and executed the bond set out in paragraph three of the complaint, assigning to said association said fifteen shares of stock therein; that according to the terms and conditions of the bond of the defendant, he obligated himself to pay a certain sum monthly, on or before the 7th day of each and every month, until the funds and assets of the association had so accumulated as to enable each stockholder to receive $200 on each and every share held by him, and this defendant alleges that he has regularly and promptly paid the said monthly sum on or before the 7th day of each and every month continuously up to and including the payment of April 7th, 1892; and this defendant alleges that on April 7th, 1892, the said association had been in operation for 104 months, and at that time the amounts which had been paid into the treasury of said associ-

ation by its members, and the assets of said association, were sufficient to have made each share of the stock of said association of the value of $200, and thereupon each stockholder was entitled to have received said amount upon his stock as aforesaid; and this defendant, therefore, alleges that thereupon the condition of his bond became fulfilled and in all respects performed, and the said bond was thereupon null and void; and defendant alleges that he is entitled to have the said bond declared fully satisfied and delivered up for cancellation.

III. Further answering said complaint, and as a third defence thereto, this defendant alleges: That on or about the 7th day of April, 1892, the said association, through its officers and directors, permitted and allowed the property, moneys, and assets of the said association to be almost entirely dissipated and wasted, which said loss was caused by the mismanagement, carelessness, and negligence of its officers and directors; and this defendant further alleges that a suit has been instituted and is now pending in the Court of Common Pleas for Charleston County, in which the plaintiff herein is plaintiff and the said directors are defendants, seeking and demanding a recovery against said defendants for the amount of the loss aforesaid, occasioned by the mismanagement, carelessness, and negligence of said directors; and this defendant further alleges that a suit is pending also in the Court of Common Pleas for Charleston County, in which the plaintiff herein is plaintiff, against the treasurer of said association and the sureties upon his official bond, in which said suit the plaintiff is seeking to recover the sum of $5,000, the amount of said bond, for an alleged breach of the condition thereof; and this defendant further alleges that if a recovery be had in favor of the plaintiff upon said suits, there will be no deficiency in the amount of the assets of the said corporation necessary to pay each member thereof the sum of $200 for each and every share held by him or her therein; and this defendant alleges that until said suits or either of them are determined, it is impossible to ascertain whether or not there will be any deficiency in the assets of said association, or whether this defendant is liable in any manner to contribute to said deficiency, or in what amount; and this defendant further alleges that he is

advised that the said suits are instituted in good faith and upon sufficient grounds, and moreover that the said defendant directors are, as this defendant is informed, solvent and entirely able to respond to any judgment that may be recovered against them, and that the sureties to the said bond sued on as aforesaid, are good and responsible for the amount thereof.

IV. Further answering said complaint, and as a fourth defence thereto, this defendant alleges: That the action in which plaintiff herein was appointed receiver, to wit: the case of E. M. Moreland against the Assistance Building and Loan Association, is now pending in the Court of Common Pleas for Charleston County, and this defendant alleges that all the rights, liabilities, and duties of this defendant and the other stockholders, as stockholders in said association, can be determined in said cause, and are now at issue therein, and it is submitted that plaintiff cannot maintain this action while said action is pending and the issues therein undetermined; and this defendant further alleges that until the said issues are determined, there is no liability upon his part whatever upon his bond aforesaid, nor any liability whatsoever as a member of said association for any losses it may have sustained.

V. Further answering said complaint, and as a fifth defence thereto, this defendant alleges: That great hardships and injustice will result to this defendant and other borrowing members of said association by allowing plaintiff herein to compel further payments of monthly dues upon their said bonds to said association, or to enforce the same by the sale of securities pledged therefor; and that the same cannot be lawfully done, and this defendant alleges that to require such payment is requiring from this defendant and others the payment of a usurious rate of interest upon the several amounts borrowed by him and them, and that the same is illegal and void, and this defendant claims the benefit of all laws regulation the rate of interest upon borrowed money, and prescribing penalties for usurious charges therefor.

Wherefore, the defendant prays that the complaint be dismissed with costs.

The plaintiff above named demurs to the first defence set up in the answer of the defendant above named, in paragraph I. thereof, because it appears upon its face that the same does not state facts sufficient to constitute a defence.

The plaintiff above named further demurs to the second defence set up in the II. paragraph thereof, because it appears upon its face that the same does not state facts sufficient to constitute a defence.

The plaintiff above named further demurs to the third defence set up in the answer of the defendant above named, in paragraph III. thereof, because it appears upon its face that the same does not state facts sufficient to constitute a defence.

The plaintiff above named further demurs to the fourth defence set up in answer of the defendant above named, in paragraph IV. thereof, because it appears upon its face that the same does not state facts sufficient to constitute a defence.

The judgment of the Circuit Judge was as follows:

These three actions were brought originally in Charleston County and transferred to Richland County, in which defendant resides. They involve substantially the same questions, and were heard together at the term of the court in April, 1894. They came up on demurrers to the complaint, and then on demurrers to the answers, if the demurrers to the complaint should not be sustained.

I will state my conclusions very briefly. In my view of the law, a receiver may be authorized to bring any action which could have been brought by the person whose estate has been put into his custody as the hand of the court. The question then is, whether this corporation could have brought this action at the time the receiver was appointed?

1. The monthly payments, according to the condition of the bond sued on, are to continue, not until the funds accumulate up to $200 a share, as is claimed, but "until the association *shall wind up and determine.*" It is alleged in the complaint that at the time at which the alleged default occurred, the association was "doing business in the city of Charleston, in this State." It seems to me that if any allegation of the sort were necessary,

this is a sufficient statement, that the association had not reached the point to "wind up and determine."

2. The second ground of demurrer seems to be, that the defendant's liability on this bond and mortgage cannot be adjudicated in an action against himself alone, but only in some proceeding in which all of the stockholders, borrowing and non-borrowing, are parties before the court. I cannot take this view of the case. The contract sued on is one made between the association and the defendant, and as to which the association occupied the position of "trustee of an express trust," with whom, or in whose name, a contract is made for the benefit of another. Code, sec. 134. And it is not necessary to join "the person for whose benefit the action is prosecuted." If the rule contended for on the part of the defendant should be adopted, and a borrowing member, who had given his bond and mortgage to secure not only interest on the sum borrowed, but monthly payment of dues on stock which, by the terms of the mortgage itself, is assigned as collateral to secure the loan, could require an action to be brought against all of the stockholders, borrowers and non-borrowers, before his bond could be enforced, or his default, perhaps, in the first year of the life of the association, these building and loan associations would become the most unwieldy, unmanageable concerns in our whole complex business system. It may be that some investigation of the affairs of the association will become necessary, but as to them, the association and the receiver sufficiently represent the stockholders for whose benefit the contract was made.

It is, therefore, ordered and adjudged, that demurrers to the complaint in each of these cases be, and hereby is, overruled.

As to the demurrers to the answers: 1. I am to construe the pleadings "liberally, with a view to substantial justice between the parties." Code, sec. 180. I am not able to connect the allegation of payment in the first defence so closely with ·the statement of facts made therein as to hold that the defendant will not be allowed to show payment by other than the facts stated in this defence. It does not seem to me that these facts show payment, but defendant may be able by testimony as to other facts to show payment.

2. The fact that defendant has made payments to the company on his stock and interest to the amount of $200, or to any amount, is no answer to this action. This would make no allowance for ordinary business losses and other ordinary expenses. The bond in this case very carefully avoids making such payments the condition on which monthly payments were to cease.

3. In my view, it is no defence to this action, that the officers and directors have wasted the funds of the association, and are liable for a large amount, to which they are able to respond.

4. I find that this is the proper action in which to adjudicate the rights and liability of this defendant, under this bond and mortgage.

5. The bond in this case expressly provides that no interest shall be allowed higher than that allowed by law, and it would seem that no charge of usury can be made against it. A bond, which on its face bears interest at seven per cent., will be liable to this defence, if it can be shown even by parol testimony that in point of fact the interest was agreed upon at ten per cent., or at any other unlawful rate, defendant might be able to show that, instead of $750, only $500 was loaned to him, etc., and that the bond does not correctly state the facts. It is important that the defendant shall have the opportunity afforded by this plea, to show that there is an excess of interest not to be charged against him, even if by the saving clause the association should escape the forfeitures and penalties of the acts on the subject.

It is, therefore, ordered and adjudged, that the demurrers to the 1st and 5th defences in each of these cases be overruled, and that the demurrers to the 2d, 3d, and 4th defences in each of these cases be, and are hereby, sustained.

The defendant appealed on the following grounds: 1. Because the complaint herein did not state facts sufficient to constitute a cause of action, and the Circuit Judge erred in overruling defendant's demurrer interposed upon that ground. 2. Because his honor erred in holding that a receiver may be authorized to bring any action, which could have been brought by the person whose estate has been put into his custody as the hand of the court. 3. Because his honor erred in not holding

that the monthly payments required by the bond sued on, were to continue only until the funds and assets of the association accumulated up to $200 per share. 4. Because his honor erred in holding that a receiver of a building and loan association, in winding up the affairs of such association, can maintain an action upon a bond of a borrowing member for further payments, before any account is taken of the assets of the association. 5. Because his honor erred in holding that defendant's liability could be determined in the form of action brought. 6. Because, in overruling the demurrer to the complaint, his honor, in effect, ruled that a receiver of a building and loan association winding up its affairs, can enforce the bonds of borrowing members for further payments, notwithstanding the fact that the association has ceased to be in operation, and no equivalent collections can be made from non-borrowing members of said association. 7. Because his honor erred in sustaining the demurrer to the second defence in the answer herein. 8. Because his honor erred in sustaining the demurrer to the third defence in the answer herein. 9. Because his honor erred in sustaining the demurrer to the fourth defence in the answer herein.

Plaintiff also appealed, his grounds being as follows:

I. Because his honor erred in holding that allegations contained in the first defence set up in the answer of the defendant, state facts sufficient to constitute a defence of said action.

II. Because his honor erred in overruling plaintiff's demurrer to the first defence set up in the answer of the defendant.

*Messrs. Mordecai & Gadsden*, for plaintiff.

*Messrs. Abney & Thomas*, contra.

April 16, 1895.    The opinion of the court was delivered by

MR. JUSTICE GARY.    These three actions were originally brought in Charleston County, on January 21st, 1893, and by an order of the court were transferred to Richland County, where the defendant resides.    They involve substantially the same questions.    The pleadings in the one case only are set

forth. The pleadings in the other two cases raise the same questions, the difference being that the amounts named in the several bonds, the dates thereof, and the number of shares of stock alleged to have been assigned are not the same. The cases came on to be heard before his honor, Judge Fraser, at the spring term, 1894, of the Court of Common Pleas for Richland County, and the three cases were heard together. They were heard upon oral demurrers to the complaint on the ground that they did not state facts sufficient to constitute a cause of action; and then on written demurrers to the answers, in the case the demurrer to the complaint should not be sustained. The complaint, answer, demurrer to answer, Judge Fraser's decree, exceptions of the plaintiff and defendant, will be incorporated in the report of the case.

We will first consider the defendant's exceptions, which complain of error on the part of the Circuit Judge in overruling the demurrer to the complaint, on the ground that it did 1 not state facts sufficient to constitute a cause of action. This case is different from that of George Lamb Buist, as receiver &c. *v.* Bryan, lately decided by this court *ante,* 121, in the important particular that in that case it appeared upon the face of the complaint that the bond and mortgage therein set forth had been paid, while no such fact appears upon the face of the complaint in this case. The complaint shows that the receiver was appointed on the 9th of September, 1892, and that at the time the receiver was appointed the defendant was in arrears for the monthly instalments due respectively as follows, to wit: on the 7th of May, 1892, 7th June, 1892, 7th July, 1892, 7th August, 1892, and 7th September, 1892. Under the terms of the bond and mortgage set forth in the complaint, the said monthly instalments were due and payable at the time the receiver was appointed, and this alone presents sufficient ground for refusing to sustain the demurrer. We are not content, however, to rest our decision on that ground alone. Although ordinarily an action could not have been brought against the defendant until the contingencies set forth in his bond and mortgage had happened, yet, when the association became insolvent, and the court undertook to wind up its affairs by

placing them in the hands of a receiver, and authorized him to bring such action, the complaint is not subject to demurrer, because the original designs of the association and its contracts with the defendant have not been carried out. The presiding judge, therefore, properly overruled the demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

We will next consider defendant's exceptions, based upon the order of his honor, the presiding judge, sustaining the demurrer to the second, third, and fourth defences set forth in his answer. The defendant, in his second defence, in substance, contends that, although the monthly instalments which he himself paid up to and including the 7th April, 1892, were not sufficient in amount to satisfy the bond and mortgage sued on, yet at that time the amounts which had been paid into the treasury of the association by its members, and the assets of said association, were sufficient to have made each share of the stock of said association of the value of $200, and thereupon each stockholder was entitled to have received said amount upon each share of his stock, and that thereupon the condition of his bond became fulfilled, and in all respects performed; that the bond was thereupon null and void, and that he is entitled to have it declared fully satisfied and delivered up for cancellation. We do not think the citation of authorities is necessary to show that this position is untenable, and the Circuit Judge was correct in sustaining the demurrer to this defence. We, also, are of opinion that the Circuit Judge was correct in sustaining the demurrer to the third and fourth defences. The liability of the defendant under his bond and mortgage, is for a fixed and definite amount, is distinct from, and in no way dependant upon, the liability of the other persons mentioned in the answer. All the rights of the defendant as a stockholder can be determined in the pending action mentioned in the fourth defence.

We come now to a consideration of plaintiff's exceptions, which allege that the presiding judge committed error in overruling plaintiff's demurrer to the first defence set up in the answer, and in holding that the allegations contained

therein are sufficient to constitute a defence. The said defence sets up the plea of payment, and his honor, the presiding judge, would have erred in sustaining plaintiff's demurrer to it.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.